UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELENA STRUJAN,

                              Plaintiff,

-against-

WORKERS' COMPENSATION BOARD – A FICTION; ATTORNEY GENERAL OF THE STATE OF N.Y.; NEW YORK PRESBYTERIAN HOSPITAL – A FICTION; RICK MANAGEMENT PLANNING GROUP – A FICTION; GORMAN & RANKIN, P.C., - A FICTION; PAUL M. BASUK – PERSON; PAUL M. BASUK – A MAN; SANDY (SANDRA) ARIDA – A PERSON; SANDY (SANDRA) ARIDA – A WOMAN; DAVID SANUA – APPELLATE COUNSEL, A PERSON; DAVID SANUA – A MAN; STAET OF NEW YORK, SUPREME COURT, APPELLATE DIVISION THIRD JUDICIAL DEPARTMENT – A FICTION; WORKER'S COMPENSATION BOARD – OFICE OF APPEALLS – A FICTION; STEPHEN GOLDSTEIN – A JUDGE, A PERSON; STEPHEN GOLDSTEIN – A MAN, A JUDGE; WORK RISK SERVICE GROUP – A FICTION; FRIDMAN & MARGOLIS LLP – A FICTION; MITCHEL FRIEDMAN – A PERSON; MITCHEL FRIDMAN – A MAN; DUSHAN KOSOVICH – A PERSON; DUSHAN KOSOVICH – A MAN; WILLIAM HEAD – A PERSON; WILLIAM HEAD – A MAN; STANLEY PORTNOW – A PERSON; STANLEY PORTNOW – A MAN; SERBAN COCIOBA – A PERSON; SERBAN COCIOBA – A MAN; UPPER MANHATTAN WORK FORCE 1 CAREER CENTER – A FICTION; ALL OTHERS UNLISTED, BOTH KNOWN AND UNKNOWN,

                              Defendants.

18-CV-10403 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff Elena Strujan, who appears *pro se*, brings a "Non-Judicial Claim" in which she seems to assert claims under both federal and state law. By order dated July 15, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

**A.     Litigation History**

Plaintiff has filed many actions in this Court and in other federal courts. In *Strujan v. Columbia Univ.*, No. 18-CV-8755 (LLS) (S.D.N.Y. Oct. 9, 2018), the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the doctrine of *res judicata* barred her claim. The Court also noted that Plaintiff filed nine other actions in this Court, four of which were dismissed as frivolous or for failure to state a claim, and ordered her to show cause by

2

declaration within thirty days why she should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission. *Id.* During the thirty-day period, Plaintiff filed four new actions, and on November 9, 2019, she filed a 292-page declaration in response to the Court's October 9, 2018 order, but her arguments against imposing the bar order were insufficient. By order dated November 21, 2018, the Court barred Plaintiff, under 28 U.S.C. § 1651, from filing civil actions IFP in this Court without first obtaining from the Court leave to file. *See Strujan*, No. 18-CV-8755 (LLS) (S.D.N.Y. Nov. 21, 2018). On the same day that Plaintiff filed her declaration, she also filed this action.

**B.     This action**

Plaintiff has filed a 229-page "Non-Judicial Claim," which the Court understands to be Plaintiff's complaint. Plaintiff's complaint is not clear – it is a near-incoherent rant concerning Defendants' alleged wrongs against Plaintiff. Plaintiff alleges "racketrring [sic] corruption and domestic terrorism." (Compl. at Exh. 7, p. 2). Her claims seem to arise from a workers' compensation case, stemming from an incident that occurred in September 1997, when Plaintiff worked at New York Presbyterian Hospital and was allegedly stuck with a needle from an HIV patient. Though the Clerk of Court has never issued summonses in this action and therefore none of the Defendants have been served, Plaintiff seeks default judgment against Defendants.

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

3

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff remains barred from filing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file. *See Strujan*, No. 18-CV-8755 (LLS) (S.D.N.Y. Nov. 21, 2018).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 18, 2019
        New York, New York

                                                      Louis L. Stanton
                                                            U.S.D.J.